F I L E D

SEP 27 2022

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-2 HASSAN KHREIZAT, R.Ph.,

Defendant.
_____/

Case No. 20-cr-20145

Hon. Bernard A. Friedman

## Plea Agreement

The United States of America, by and through the United States Department of Justice, Criminal Division (collectively, the "government"), and the defendant, Hassan Khreizat ("Khreizat" or "defendant"), have reached a plea agreement under Rule 11 of the Federal Rules of Criminal Procedure. The plea agreement's terms are:

### 1.   Count of Conviction

The defendant will plead guilty to Count One of the Indictment. Count One charges the defendant with conspiracy to commit health care fraud and wire fraud under 18 U.S.C. § 1349.

### 2.   Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 20 years |
| | Fine: | Up to $250,000.00 or twice the pecuniary loss or gain |
| | Term of supervised release: | Up to 3 years |

**3.** **Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes a sentence consistent with its terms, the government will move to dismiss all remaining charges against the defendant in the Indictment.

**4.** **Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes a sentence consistent with its terms, the government will not bring additional charges against the Defendant for the conduct reflected in the factual basis of this Rule 11 Plea Agreement.

**5.** **Elements of Count of Conviction**

The elements of Count One are as follows:

First:     That two or more persons conspired, or agreed, to commit the crimes of health care fraud and wire fraud; and

Second:    The defendant, knowing the unlawful purpose of the plan, willfully joined in it.

The health care fraud statute, 18 U.S.C. § 1347, makes it a federal offense for anyone, in connection with the delivery of any health care benefits, items, or

services, to knowingly and willfully execute, or attempt to execute, a scheme or artifice: (1) to defraud any health care benefit program; or (2) to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program.

The wire fraud statute, 18 U.S.C. § 1343, makes it a federal offense for anyone, having devised any scheme or artifice to defraud, to transmit or cause to be transmitted in interstate or foreign commerce a wire communication for the purpose of executing such scheme or artifice.

 **4.  Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

From in or around 2011 through in or around 2018, in Wayne County and Macomb County, in the Eastern District of Michigan, and elsewhere, Khreizat knowingly and willfully conspired with others to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349. Medicare is a "health care benefit program" of the United States as defined in 18 U.S.C. § 24. Furthermore, Medicare is a health care benefit program affecting commerce.

From 2011 through 2018, Khreizat was a licensed pharmacist, Medicare provider, and co-owner of Universal Pharmacy, LLC ("Universal"). Khreizat executed a scheme with co-owner Nofal Cholag to submit fraudulent claims to Medicare, Medicaid, and Blue Cross Blue Shield of Michigan for prescription medications that were not dispensed at Universal. Specifically, Khreizat billed Medicare, Medicaid, and BCBS for high-reimbursement drugs such as inhalers and anti-psychotic medications that were never dispensed. Moreover, Khreizat failed to reverse claims for medications that were never dispensed at Universal, even though he knew that he would receive payment from Medicare, Medicaid, and BCBS for those false claims. Khreizat carried out this type of fraudulent activity repeatedly at Universal. From 2011 through 2018, the Defendant caused a loss to Medicare, Medicaid, and Blue Cross Blue Shield of Michigan of at least $1,352,670.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea. It does not include all facts known to the defendant regarding his illegal activities. The defendant makes this statement knowingly and voluntarily because he is in fact guilty of the crime charged.

### 7. Advice of Rights

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant

understands that, by pleading guilty, he is waiving many important rights, including the following:

A.   The right to plead not guilty and to persist in that plea;

B.   The right to a speedy and public trial by jury;

C.   The right to the assistance of an attorney at every critical stage of the proceedings, including trial;

D.   The right to an appointed attorney, if the defendant cannot afford to retain one;

E.   The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

F.   The right to confront and cross-examine adverse witnesses at trial;

G.   The right to testify or not to testify at trial, whichever the defendant chooses;

H.   If the defendant chooses not to testify, the right to have the jury informed that it may not treat that choice as evidence of guilt;

I.   The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

J.   The right to compel the attendance of witnesses at trial.

8.    **Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

9.    **Defendant's Guideline Range**

A.    **Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

B.    **Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of

responsibility under USSG § 3E1.1(a)  Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1— the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- A base offense level of 7 (2B1.1(a)(1));

- A 14-level increase for loss amount above $550,000 (2B1.1(b)(1)(H));

- A 2-level increase for a federal health care offense with loss greater than $1,000,000 (2B1.1(b)(7)); and

- A 2-level increase for abuse of position of trust (3B1.3)

The parties have no other recommendations as to the defendant's guideline calculation.

### D.    Factual Stipulations for Sentencing Purposes

The parties stipulate that the following facts are true and that the Court may, but is not required to, rely on them in calculating the defendant's guideline range and imposing sentence.  The parties stipulate and agree that, for purposes of determining the applicable sentencing range, the loss attributable to the defendant's conduct is $1,352,670.

- The parties have no additional factual stipulations for sentencing purposes.

### E.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D.  Other than the guideline recommendations, however, neither party is restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

**F.      Not a Basis to Withdraw**

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 9.B, 9.C, or 9.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**10.      Exclusion from the Medicare Program and Other Federal Health Care Programs**

The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs.   The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents.  This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

**11.      Imposition of Sentence**

**A.      Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range,

any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.   Imprisonment

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the top of the defendant's guideline range as determined by the Court.

#### 2.   No Right to Withdraw

The government's recommendation in paragraph 11.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If, however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.   Supervised Release

#### 1.   Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 1.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense.

The parties have agreed that the defendant shall pay restitution to the victims in this case:

- $1,090,248.69 payable to: the U.S. Department of Health and Human Services.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments,

the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F.     Forfeiture**

Defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), and 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c), without contest, any and all right, title, and interest, he may possess in property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the scheme underlying the violation of Count One of the Indictment. Defendant agrees to forfeit to the United States any and all right, title, and interest, he may possess in the following assets, as property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to defendant's offense, including, but not limited to:

**Page 12 of 21**

- $374,629.74 seized from Bank of America Account No. 005405242693, held in the name of Universal Pharmacy, LLC;
- $3,064.82 seized from JP Morgan Chase Bank Account No. 766261051, held in the name of Hassan Khreizat;
- $8,054.86 seized from Bank of America Account No. 375014032993, held in the name of Hassan Khreizat;
- $2,880.00 US Currency seized from Hassan Khreizat;

(hereinafter collectively referred to as the "Subject Property").

Forfeiture Money Judgment: Defendant also agrees to the entry of a forfeiture money judgment against him in favor of the United States in the amount $545,124, representing gross proceeds obtained by defendant through his violation of Count One of the Indictment. Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extend possible, from any property owned or under the control of the defendant. To satisfy the money judgment, defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. The Forfeiture Money Judgment shall be reduced by:

1) 50% of the net amount of proceeds ultimately forfeited to the United States from $374,629.74 seized from Bank of America Account No. 005405242693, held in the name of Universal Pharmacy, LLC; and

2) 100% of the net amount of proceeds ultimately forfeited to the United States from remaining assets to be forfeited from defendant Hassan Khreizat.

Defendant agrees to the entry of one or more orders of forfeiture incorporating the forfeiture of the Subject Property, including the Court's prompt entry of a Preliminary Order of Forfeiture as to the Subject Property and forfeiture money judgment, following defendant's guilty plea, upon application by the United States at, or any time before, his sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the Government.

Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(l)(J), at the time his guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, any Double Jeopardy challenge and

any challenge that the forfeiture constitutes an excessive fine or punishment under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to each of the above-identified properties to be forfeited to the United States and will execute such legal documents as may be required to transfer title to the United States and by taking whatever steps are necessary to ensure that the property is not transferred, disbursed, hidden, wasted or otherwise made unavailable for forfeiture. If any other person or entity has any interest in any of the Subject Property to be forfeited to the United States, defendant will assist in obtaining a release of interest from any such other person or entity. Defendant agrees that he will not contest the forfeiture of the Subject Property through other entities, to include companies he owns or otherwise controls. Defendant further agrees that he will not assist any third party in asserting a claim to the Subject Property in any forfeiture proceeding (judicial or non-judicial) and that he will testify truthfully in any judicial forfeiture proceeding if requested to do so by the government.

Further, defendant hereby releases, remises and discharges the United States of America, and any of its agencies involved in this matter, including, but not limited to, the Federal Bureau of Investigation, the United States Marshals Service, the

United States Attorney's Office, and their agents, officers and employees, past and present, from all claims or causes of action which defendant and his agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the events or circumstances giving rise to the above-captioned action and the seizure, detention and forfeiture of the Subject Property.

Defendant further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, detention and forfeiture of property covered by this Plea Agreement.

<u>Petition(s) for Remission/Request for Restoration</u>

If the victims identified in this case do not file Petitions for Remission of the funds to be forfeited to the United States, the United States Attorney's Office for the Eastern District of Michigan agrees to prepare a Request for Restoration of Forfeited Assets to Known Victim(s). The Request for Restoration will be submitted to the Department of Justice, Criminal Division, Money Laundering and Asset Recovery Section (MLARS) for determination, but only if no third parties file a petition, claim, or other challenge to the forfeiture of the Subject Property, and only after a final order of forfeiture is entered by the court in this case and an Order of Restitution is made part of the Judgment of Conviction in this criminal case.

Defendant acknowledges that no representation has been made to him, however, as to the outcome of such any Request for Restoration, and understands

that the MLARS may grant the Request for Restoration, may grant in-part the Request for Restoration, or may deny the Request for Restoration. Defendant expressly acknowledges that the Request for Restoration may be denied and that no representations have been made to him by or on behalf of the United States Attorney's Office or the Department of Justice as to the likelihood that such a Request will or would be granted.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

### 12. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the expected 41 to 51-month guideline range, the defendant also waives any right he may have to appeal his sentence on any grounds.

### 13. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however,

waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**14.    Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea(s), or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**15.    Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his

guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**16.    Parties to Plea Agreement**

This agreement does not bind any government agency except the Criminal Division of the United States Department of Justice.

**17.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

18.    **Acceptance of Agreement by Defendant**

The government may withdraw from this agreement at any time before the

defendant pleads guilty.


DAWN N. ISON
UNITED STATES ATTORNEY

GLENN S. LEON
Chief, Fraud Section
U.S. Department of Justice
Criminal Division

REGINA MCCULLOUGH
Chief, Health Care Fraud Unit
United States Attorney's Office
Eastern District of Michigan



CLAIRE T. SOBCZAK
Trial Attorney
Criminal Division, Fraud
Section U.S. Department of
Justice

Dated: September **27**, 2022

By signing below, the defendant and his attorney agree that the defendant has read

or been read this entire document, has discussed it with his attorney, and has had a

full and complete opportunity to confer with his attorney. The defendant further

agrees that he understands this entire document, agrees to its terms, has had all of

his questions answered by his attorney, and is satisfied with his attorney's advice

and representation.


Dorald Elder
Attorney for Defendant

Dated: 9/21/22


Hassan Khreizat
Defendant

Dated: 9-21-22

**Page 21 of 21**